IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE and PHYLLIS PARKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:11cv852-WHA |
| | ) | (wo) |
| COUNTRYWIDE HOME LOANS, INC.; | ) | |
| BAC HOME LOANS SERVICING, LP.; *et* | ) | |
| *al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand (Doc. #8) filed by the Plaintiffs,

George and Phyllis Parks.

The Plaintiffs originally filed their case in the Circuit Court of Montgomery County,

Alabama on September 2, 2011.   The Plaintiffs brought claims against Countrywide Home

Loans, Inc. ("Countrywide") and BAC Home Loans Servicing, L.P. ("BAC") and fictitious

defendants.  According to the Notice of Removal, Bank of America, N.A. ("Bank of America")

became the successor by merger to BAC on July 1, 2011.  The Plaintiffs are citizens of Alabama.

Defendant Bank of America, N.A. is a citizen of North Carolina and Defendant Countrywide

Home Loans, Inc. is a citizen of New York and California.

The Plaintiffs bring claims arising out of a promissory note and mortage.  They do not

claim a specific amount in damages in the Complaint.  The Plaintiffs allege in their Complaint

that they executed a promissory note and mortgage on or about November 25, 2006, the

collateral for which was a lien on their residence.  They allege that Countrywide charged false

points, closing costs, origination fees, service charges, and other fees and charges "in order to

bloat the loan." Doc. 1-1 at ¶ 12.   The Plaintiffs further allege that Countrywide gave financial

advice concerning the structure of the loan and how to manage their finances.   The Plaintiffs

state that Defendant BAC Home Loan Servicing, LP ("BAC") improperly charged late fees for

payments timely received, held payments "in suspense," and forced the Plaintiffs to apply for

repayment plans and loan modifications.   The Plaintiffs state that BAC represented that the

Plaintiffs had been approved for a repayment plan and/or loan modification on June 5, 2009, but

despite the Plaintiffs' performance with the terms of the plan and/or modification, BAC assessed

improper charges and attempted to foreclose on the home. The Plaintiffs state that they were

forced to seek additional repayment plans and/or loan modifications up to and including a plan

and/or modification which BAC represented had been approved on July 28, 2011.   The Plaintiffs

state that they never received this plan and/or modification from BAC, but instead received a

notice of acceleration of note and mortgage and a threatened foreclosure.   Notice of foreclosure

was published, but the Defendants made conflicting statements as to the status of the mortgage

and whether foreclosure proceedings were actually scheduled, among other representations. *Id.*

at ¶ 38.

Countrywide and Bank of America removed the case to this court on October 7, 2011, on

the basis of diversity jurisdiction.  The Plaintiffs seek remand of the case to state court on the

basis that the amount in controversy does not exceed $75,000. The Plaintiffs appear to concede

that there is complete diversity of parties.[1]

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

---

[1] The citizenship of fictitious parties is not considered.  28 U.S.C. § 1441(a).

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  *Id.*  To satisfy diversity, not only must a plaintiff  be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996).  "A court's analysis of the

amount-in-controversy requirement focuses on how much is in controversy at the time of removal...." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

As noted above, the Plaintiffs claim damages against Countrywide based on points, closing costs, fees, and service charges allegedly charged to increase the amount of their loan, and late fees and suspension of payments which caused the plaintiffs to apply for repayment plans or loan modifications.   The Plaintiffs also claim damages against BAC/Bank of American for charges associated with repayment plans and/or modification of loan, initiation of foreclosure proceedings, and publication of the information which damaged the Plaintiffs' reputations.  They do not seek to a declaration of invalidity of the mortgage in its entirety or an injunction to prevent foreclosure, but rather seek to recover compensatory damages for mental anguish and emotional distress, compensatory damages for money paid "for unnecessary closing costs and fees, for additional interest, [and] lost interest on money . . . ", Doc. #1-1 at ¶ 48, and punitive damages.

The Defendants rely on *Bourgeois v. Wells Fargo Bank*, No. 10-00626-KD, 2011 WL 836677 (S.D.  Ala. Feb. 16, 2011), among other cases, to establish that the amount in controversy in this case is the entire balance of the plaintiff's debt.  In *Bourgeois*, the plaintiff expressly sought declaratory and injunctive relief, which the court explained was "critical to the court's determination of whether the jurisdictional threshold has been established. . . ." *Id.* at *3.  The court determined that by seeking declaratory and injunctive relief, the plaintiff had pled the entire debt into issue.  *Id.*  The other cases relied on by the Defendants similarly involved requests for injunctive relief, and the courts determined the amount in controversy by valuing the injunctive relief from the plaintiff's perspective.  *See, e.g., Mapp v. Deutsche Bank National*

*Trust Co.*, No. 3:08cv695-WKW, 2009 WL 3664118 (M.D. Ala. Oct. 28, 2009.   The Defendants

argue that in this case, any decision as to whether the Defendants improperly instituted

foreclosure will necessarily implicate the validity of the foreclosure action and the acceleration

of the full value of the debt.   They cite no persuasive authority to support their theory that the

amount in controversy is to be calculated based on the value of the home/mortgage even in the

absence of requested injunctive or declaratory relief, however.   The Defendants seek to have this

court extend the reasoning of cases which have determined the value of requested injunctive and

declaratory relief to this case, in which no such relief is requested.

 This case is more similar to *White v. Wells Fargo Home Mortgage*, No. 1:11cv408-MHT,

2011 WL 3666613 (M.D. Ala. Aug. 22, 2011) (Thompson, J.), than it is to the injunctive relief

cases cited by the Defendants.   In *White*, the defendants argued that the value of the home was a

measure of damage, even though the plaintiff did not seek injunctive relief, because the plaintiff

brought state law claims based on unidentified fees and for actions which forced her to seek a

loan modification.   The court reasoned that the value of the home was not the amount in

controversy, because the plaintiff did not challenge the validity of the mortgage or seek an

injunction prohibiting foreclosure.   *Id.* at *3.

 Similarly, in *Peterson v. BAC Home Loan Servicing, LP*, No. 3:11cv805, 2011 WL

6058273, at * 1 (M.D. Ala. Dec. 6, 2011), the court reasoned that when a judgment entered by a

court would not void the mortgage in its entirety, the value of the mortgage cannot be counted

for amount-in-controversy purposes.

 This court is persuaded by the reasoning of these cases and concludes that in this case, in

which the Plaintiffs have not asked for declaratory or injunctive relief, the court should not

5

consider what the value to the Plaintiffs would have been if they had requested declaratory or injunctive relief.  A court may rely on "deduction, inference, or other extrapolation" to determine the amount in controversy, but must do so based on facts in the record.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).   Furthermore, the removal statutes are to be narrowly construed so that uncertainties are resolved in favor of remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Therefore, in the absence of declaratory or injunctive relief requested by the Plaintiffs, the court will not consider the amount of the debt or the value of the home in determining the amount in controversy.

The Defendants also state that this court should consider the Plaintiffs' requests for compensatory damages for mental anguish and requests for punitive damages and conclude that the requisite amount is in controversy.   The Defendants contend that the court should review verdicts rendered in previous state court cases requesting such relief and determine that the requisite amount is in controversy.   The Defendants acknowledge that previous damage awards generally are only considered when other readily determinable damages are also established. *See* Doc. #13 at p.8.

In this case, no evidence has been presented as to the amount of fees at issue.  There being no evidence of a monetary amount of any damages, the court cannot conclude that reliance on verdicts in previous state cases, not shown to be similar to the claims in this case, meets the Defendants' burden of establishing that in excess of $75,000 is at issue.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) (stating "we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit."); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 809 (11th Cir. 2003) (stating

6

that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case"); *see also Fields v. Travelers Indem. Co.*, No. 2:08cv155, 2008 WL 2225756, at *3 (M.D. Ala. May 28, 2008) (stating "The mere fact that other cases involved the same cause of action does not establish the amount in controversy here."). The court concludes, therefore, that the request for mental anguish and punitive damages in this case does not establish that more than $75,000 is at issue.

## IV.  CONCLUSION

For the reasons discussed, the court concludes that the Defendants have not met their burden of establishing that diversity jurisdiction existed at the time of removal of this case. The Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 14th day of December, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE